**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BRANDON LANDRIE,

      Plaintiff,

  v.

THE HARTFORD,

      Defendant.

Civil Action No. 2:26-cv-3632 _____

## COMPLAINT

1. Plaintiff Brandon Landrie brings this civil action against Defendant The Hartford under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., to recover disability benefits wrongfully denied under an employee welfare benefit plan sponsored by Arctic Slope Regional Corporation and insured and/or administered by Defendant. This action arises under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and seeks recovery of benefits due and clarification of rights to future benefits under the terms of the Plan. Plaintiff reserves all rights and remedies available under ERISA § 502(a) and § 502(g).

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, because this action arises under the laws of the United States, and under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue is proper in this District under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b). Defendant maintains an office and conducts business at 1515 Market Street,

Suite 1802, Philadelphia, Pennsylvania 19102, and therefore may be found in this District within the meaning of 29 U.S.C. § 1132(e)(2).

4. Plaintiff Brandon Landrie is an adult individual residing at 3955 Olympic Blvd, Apt 9, Billings, Montana 59102. At all relevant times, Plaintiff was employed by Arctic Slope Regional Corporation and was a participant in and beneficiary of the employee welfare benefit plan at issue.

5. Defendant The Hartford maintains an office and conducts business at 1515 Market Street, Suite 1802, Philadelphia, Pennsylvania 19102. Defendant issued, insured, funded, administered, and/or made benefit determinations under the disability coverage at issue in this action.

6. At all relevant times, Plaintiff was employed by Arctic Slope Regional Corporation and was a participant in an employee welfare benefit plan (the "Plan") sponsored by Arctic Slope Regional Corporation that provided disability benefits to eligible employees.

7. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), and is governed by ERISA.

8. The disability coverage at issue was issued and/or administered by Defendant under Policy Number GL-804884.

9. Plaintiff's claim for disability benefits under the Plan was assigned Claim Number 50113071.

10. As a participant in the Plan, Plaintiff was entitled to disability benefits upon satisfaction of the Plan's terms and conditions.

11. Plaintiff's date last worked was July 1, 2024.

12. Plaintiff became unable to perform the material duties of Plaintiff's occupation due to Type 2 diabetes mellitus with stable proliferative diabetic retinopathy and end stage renal disease requiring hemodialysis 3 times per week while awaiting a transplant; also partial foot amputation on 12/13/2024.

13. Plaintiff's functional limitations prevented Plaintiff from performing the material duties of Plaintiff's occupation as required by the Plan.

14. Plaintiff submitted medical and claim information to Defendant supporting Plaintiff's entitlement to disability benefits under the Plan.

15. Plaintiff has satisfied all conditions precedent to recovery under the Plan, or such conditions have been waived, excused, or otherwise discharged.

16. Plaintiff submitted a claim for disability benefits under the Plan in accordance with the Plan's procedures.

17. By letter dated March 3, 2025, Defendant issued an initial adverse benefit determination denying Plaintiff's claim for benefits.

18. Plaintiff timely appealed the initial adverse benefit determination in accordance with the Plan's claim procedures and 29 C.F.R. § 2560.503-1.

19. By letter dated December 12, 2025, Defendant issued a final adverse benefit determination upholding the denial of Plaintiff's claim for benefits.

20. Plaintiff has exhausted all administrative remedies available under the Plan and 29 C.F.R. § 2560.503-1.

21. The Pre-Existing Condition Limitation does not apply to Plaintiff's disability, and Defendant's reliance on that Limitation to deny benefits was wrongful and contrary to the terms of the Plan.

22. Upon information and belief, the pharmacy fill dates Defendant relied upon as evidence of "Medical Care" during the Plan's pre-existing condition lookback period predate the start of that lookback window, and Defendant's own arithmetic therefore does not establish a pre-existing condition under the terms of the Plan.

23. Upon information and belief, Defendant did not identify Medical Care received during the applicable lookback period for the specific conditions giving rise to Plaintiff's disability, and instead treated downstream conditions as "manifestations" of an earlier diagnosis without the showing required by the Plan.

**STANDARD OF REVIEW**

24. Plaintiff contends that Defendant's adverse benefit determination should be reviewed de novo. Plaintiff does not concede that the Plan contains a valid, enforceable, and applicable grant of discretionary authority sufficient to alter the default de novo standard of review applicable to claims brought under ERISA § 502(a)(1)(B).

25. To the extent Defendant contends that arbitrary-and-capricious or abuse-of-discretion review applies, Plaintiff denies that contention, preserves all arguments for de novo review, and alternatively alleges that Defendant's adverse benefit determination was arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence, contrary to the terms of the Plan, and erroneous as a matter of law.

COUNT I CLAIM FOR BENEFITS UNDER ERISA § 502(a)(1)(B) 29 U.S.C. § 1132(a)(1)(B)

26. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

27. Plaintiff is a participant in and beneficiary of the Plan within the meaning of ERISA § 3(7) and (8), 29 U.S.C. § 1002(7) and (8).

28. Under the terms of the Plan, Plaintiff is entitled to disability benefits.

29. Defendant wrongfully denied Plaintiff's claim for disability benefits under the Plan.

30. As a direct and proximate result of Defendant's wrongful denial, Plaintiff has been deprived of benefits to which Plaintiff is entitled under the terms of the Plan.

31. Plaintiff is entitled to recover past-due benefits and to clarification of Plaintiff's rights to future benefits under the Plan, together with prejudgment interest, attorney's fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g), and such other relief as the Court deems just and proper.

COUNT II CLARIFICATION OF RIGHTS TO FUTURE BENEFITS UNDER ERISA § 502(a)(1)(B) 29 U.S.C. § 1132(a)(1)(B)

32. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

33. The Plan provides for the continued payment of disability benefits so long as Plaintiff remains disabled within the meaning of the Plan and otherwise satisfies the Plan's terms and conditions.

34. Plaintiff continues to be disabled within the meaning of the Plan and continues to satisfy the Plan's terms and conditions for the receipt of disability benefits.

35. Plaintiff is entitled to a declaration of Plaintiff's rights to future benefits under the Plan, including a declaration that Plaintiff remains entitled to ongoing disability benefits going forward under the Plan's continuing-disability provisions, together with such other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant, awarding the following relief:

A. Past-due benefits from the date of termination through the date of judgment;

B. A declaration that Plaintiff remains entitled to benefits going forward under the Plan's continuing-disability provisions, and clarification of Plaintiff's rights to future benefits under the Plan;

C. Prejudgment interest on past-due benefits;

D. Attorney's fees and costs under ERISA § 502(g) (29 U.S.C. § 1132(g));

E. Costs of suit; and

F. Such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL

Plaintiff respectfully requests a trial on the administrative record.


Respectfully submitted,

/s/Nicholas Feden

Nicholas Feden
Feden Law Group PLLC
Attorney ID: 307902
711 West Ave.
Jenkintown, PA 19046
Tel. 267-234-7465
nfeden@fedenlawgroup.com
Attorney for Plaintiff